Frank MORGAN, Plaintiff,

v.

ILLINOIS CENTRAL RAILROAD COM-
PANY, Defendant.

Civ. A. No. 368.

United States District Court
S. D. Texas,
Victoria Division.

April 3, 1958.

John L. Hill, Jr., Hill, Brown, Kron-
zer & Abraham, Houston, Tex., for
plaintiff.

M. L. Null, Stofer, Houchins, Anderson
& Smith, Victoria, Tex., for defendant.

Gerald P. Coley, Norman C. Stafford
and Gerald P. Coley, Houston, Tex., for
intervenor, Liberty Mutual Ins. Co.

ALLRED, District Judge.

Action for personal injuries allegedly
suffered by plaintiff from a derailment
of defendant's train in which plaintiff
was a passenger, near Bellville, Illinois,
on or about the 21st day of December,
1956.

The action originally was filed in the
135th Judicial District of Victoria
County, Texas, and duly removed to the
Victoria Division of this court.

Plaintiff is a resident of Houston,
Texas, in the Houston Division. Defend-
ant, an Illinois corporation, operates no
trains in Texas and maintains no estab-
lishment here other than passenger and

freight solicitation offices in Houston and Harlingen, neither of which are in the Victoria Division.

Defendant moves to transfer this action to the United States District Court for the Southern District of Illinois under Section 1404(a), of Title 28 U.S.C.A., reading as follows:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other District or division where it might have been brought."

Defendant's motion names and classifies a host of witnesses whom, if they are to testify in person, it would have to bring a vast distance—each approximately a thousand miles or more—in order to try this case in Victoria. This list includes: (1) medical witnesses consisting of the attending surgeon, hospital staff members who treated plaintiff, the custodian of hospital records, the X-ray specialist with his X-ray report. These witnesses, of course, are not subject to compulsory process and their being brought here would involve considerable cost; (2) nine of defendant's employees who were present at the time of the accident would have to be brought from distances ranging from 800 to 1130 miles and maintained at considerable cost; (3) other passengers on the train and attendants at the scene of the accident, none of whom are subject to compulsory process, are listed as necessary witnesses; (4) some half dozen maintenance personnel required to prove affirmatively that defendant was free of negligence because of the plaintiff's invocation of the doctrine of *res ipsa loquitur.*

On the other hand, the record shows that plaintiff purposes to use the medical testimony of some *six* doctors of his own selection who reside within this District in addition to certain X-ray personnel and record custodians. Five of these doctors reside, as does plaintiff, in the Houston Division of this court, 125 miles from Victoria. The sixth doctor resides at some unspecified place in this district (which is composed of 46 counties, the northernmost of which is Brazos, 100 miles north of Houston and continuing down the Gulf coast to Brownsville, 350 miles from Houston).

Plaintiff did not file his action in the state courts in Harris County, where he resides and where at least five of his six witnesses reside. No witness, other than plaintiff, to any of the facts that transpired immediately before, during or after the train derailment near Bellville, Illinois, resides within or near this district.

■ In determining a motion to transfer under Sec. 1404(a), supra, the court should take into account such factors as: (1) the availability of compulsory process for the attendance of unwilling witnesses; (2) the cost of obtaining the attendance of willing witnesses; (3) accessibility of the sources of proof; (4) the time, cost, and ease with which the trial can be conducted, and all other practical considerations relative to the trial and determination of a case.

■ A plaintiff's choice of forum is generally entitled to marked respect and deference;[1] and the balance of convenience or interest of justice must clearly preponderate against that choice to justify a transfer under Section 1404 (a).[2] Where, however, as here, none of the operative facts occur within the forum of original selection, the plaintiff's choice is entitled to only minimal consideration.[3]

1. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

2. General Portland Cement Co. v. Perry, 7 Cir., 204 F.2d 316; International Union of Electrical Radio and Machine Workers, CIO v. United Electrical, Radio and Machine Workers of America, 6 Cir., 192 F.2d 847.

3. Chicago, Rock Island & Pac. R. Co. v. Igoe, 7 Cir., 220 F.2d 299; Josephson v. McGuire, D.C.Mass., 121 F.Supp. 83.

Plaintiff contends that because the injury arose from derailment of the train, there is no substantial issue of liability and that therefore consideration should not be lent to the number of witnesses listed by defendant as necessary to support its position on this issue. The court cannot agree with this contention. The present state of the record leaves fairly and clearly open the issue of liability. Defendant is put to all the more burden by reason of plaintiff's reliance on the doctrine of *res ipsa loquitur*. It would be arbitrary to here and now preclude or hamper defendant's presentation of evidence bearing on that and other issues.

Defendant's motion to transfer names many witnesses which it intends to use, classifies them in respective groups, and sets out the general nature, purpose, materiality and necessity of their expected testimony. By this, the court is sufficiently apprised as to be able to pass judgment on the balance of convenience in the securing of their attendance.[4]

The "interest of justice" clearly calls for a transfer of the case to the forum where it arose. The burden and expense of added litigation and jury duty upon the people of this forum is not fairly justified by the coincidence of plaintiff's residence and five of his medical witnesses in Houston with nothing more. Additionally, the judicial responsibility of having to interpret and apply the governing substantive law of a foreign state under circumstances of great and mounting inconvenience is contrary to sound practice and the interest of justice.[5]

For the foregoing reasons, defendant's motion to transfer this action to the United States District Court for the Southern District of Illinois is granted. The Clerk will notify counsel to submit an order accordingly.

4. McKinney v. Southern Pacific Co., D.C. Tex., 147 F.Supp. 954; Duffy v. United States, D.C.N.Y., 114 F.Supp. 881.

5. Giles v. Western Air Lines, Inc., D.C. Minn., 73 F.Supp. 616.