AMERICAN FEDERAL CASUALTY
AGENCY, INC., a Wisconsin
Corporation, Plaintiff,

v.

CROSS COUNTRY INSURANCE AGEN-
CY, INC., a Florida Corporation,
et al., Defendants.

No. 75–C–193.

United States District Court,
E. D. Wisconsin.

Oct. 21, 1975.

Stepke & Trebon by Russell R. Stepke, Milwaukee, Wis., for plaintiff.

Gilbert, Silverstein & Hellman by Maynard J. Hellman, Miami, Fla., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for a change of venue to the southern district of Florida on the grounds that the interests of justice and the convenience of the parties and the witnesses require it. In addition, the defendant Cross Country Insurance Agency, Inc. has moved to dismiss the complaint for improper venue.

■ The amended complaint in this action alleges a breach of contract. The plaintiff is a Wisconsin corporation, and the defendant Cross Country Insurance Agency, Inc. is a Florida corporation with principal offices in that state. The individual defendants are described as residents of Florida.

Annexed to the complaint is a copy of the August 1, 1974, agreement between the plaintiff and Cross Country Insurance Agency, Inc. Page 7 of the agreement contains the following statement:

"The Agreement shall be subject to and construed under the Laws of the State of Wisconsin."

It is also to be noted that the defendant Cross Country Insurance Agency, Inc. has filed a counter-claim against the plaintiff in which, in paragraph 1, it is alleged ". . . this is an action for damages and is within the jurisdiction of this Court."

I find that the complaint contains the necessary jurisdictional allegations for a diversity action. The defendant Cross Country Insurance Agency, Inc. urges that it "has always and only done business within" the state of Florida. Nevertheless, upon the allegations of the amended complaint, I am persuaded that this court has diversity jurisdiction and that venue lies here pursuant to 28 U.S. C. § 1391(a) and (c).

With reference to the application for a change of venue, the defendants argue that American Federal Casualty Agency, Inc. acted as a general agent for Resolute Insurance Company, and that the latter company has its offices in Florida. This leads the defendants to the contention that all of the witnesses, including those of the plaintiff, would be from the state of Florida.

Notwithstanding the foregoing, the defendants have not made a sufficiently strong showing to warrant a change of venue pursuant to 28 U.S.C. § 1404. I am satisfied that the plaintiff's selection of the venue may not be disturbed. The plaintiff has represented with cogency that substantial records of the Wisconsin corporation will be utilized in prosecuting the claim as well as defending against the counterclaim. It may well be that it will be inconvenient for the Florida witnesses to take part in the trial in Wisconsin, but in my judgment, the better exercise of discretion is to retain this action in this district pursuant to 28 U.S.C. § 1391(a).

Therefore, it is ordered that the motions of the defendants for dismissal as to improper venue and for the change of venue be and hereby are denied.