**Carolyn COONS, Individually and d/b/a Coons Hollow Arabians and Bill Harwood, Plaintiffs,**

v.

**The AMERICAN HORSE SHOW ASSOCIATION, INC., Defendants.**

**Civ. A. No. H–80–195.**

United States District Court,
S. D. Texas,
Houston Division.

Feb. 25, 1982.

Arnold Anderson Vickery, Houston, Tex., for plaintiffs.

Charles R. Dunn, Wyckoff, Russell, Dunn & Frazier, Houston, Tex., for defendants.

## ORDER

McDONALD, District Judge.

Came on to be heard defendant's Motions to Dismiss for Want of Venue and Personal Jurisdiction or, in the Alternative, for Transfer of the above-styled cause to the United States District Court for the Southern District of New York. For the following reasons the Court DENIES defendant's Motion to Dismiss for Lack of Venue but GRANTS its Motion to Transfer. Accordingly, the Court has not addressed the issue of the existence of personal jurisdiction over the defendant in the instant forum.[1]

This action arises out of a determination of the American Horse Show Association (AHSA) that a horse, Anza Caesar, owned by plaintiff Carolyn Coons and trained by plaintiff Bill Harwood, was shown in competition on April 22, 1978, in Tulsa, Oklahoma, after it had allegedly been administered the tranquilizer reserpine, a forbidden substance under the Rules of the AHSA. AHSA's Hearing Committee found that plaintiffs were in violation of the rule as charged and Mrs. Coons was required to return all trophies, monies, prizes and ribbons; notice of the Hearing Committee's determination was published in the June, 1979, issue of *Horse Show* Magazine. Plaintiffs subsequently brought this suit alleging violations of Federal Antitrust laws, deprivation of due process, libel and slander.

---

1. We note however, that pursuant to the Fifth Circuit's decision in *Golf City, Inc. v. Wilson Sporting Goods Co.*, 555 F.2d 426 (5th Cir. 1977), it is not likely that personal jurisdiction could have been established in the instant forum.

The Court has the inherent authority to transfer a cause pursuant to 28 U.S.C. § 1404 *et seq.*, without first determining whether personal jurisdiction has been obtained over the defendants:

Transfer under Section 1404(a) is possible only if venue is proper in the original forum and federal jurisdiction existed there. If subject matter jurisdiction is lacking, there is no power to do anything with the case except dismiss.... But a court [that] has subject matter jurisdiction and that has a proper venue may transfer under Section 1404(a) even though it lacks jurisdiction of the person of the defendant.

15 Wright and Miller, *Federal Practice and Procedure*, § 3844, at 211. *See also Koehring Co. v. Hyde Constr. Co.*, 324 F.2d 295 (5th Cir. 1963). In the instant case subject matter jurisdiction is properly invoked pursuant to 28 U.S.C. §§ 1331–32, and 15 U.S.C. § 26. Venue is proper in the Southern District of Texas under, *inter alia*, 28 U.S.C. § 1391, and 15 U.S.C. § 22.[2]

■ Section 1404(a) permits a district court to transfer an action to another district court division "for the convenience of parties and witnesses, [and] in the interest of justice." The decision to transfer is committed to the sound discretion of the district court and is made for the purpose of preventing waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964). *See generally* Wright & Miller, *Federal Practice & Procedure*, §§ 3841–3855. In exercising its discretion, the district court should consider the following factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of books and records; (4) the availability of judicial process to compel the attendance of unwilling witnesses, and (5) the possibilities of delay and prejudice if a transfer is granted. *See Mobil Oil Corporation v. W. R. Grace & Co.*, 334 F.Supp. 117, 124–125 (S.D.Tex.1971). *See generally*

*Wright & Miller, supra*, §§ 3848–3854. Moreover, it is generally held that the plaintiff's choice of venue is to be given substantial weight. Unless the balance of convenience or burden is strongly in favor of the movant, the plaintiff's choice of forum should not be disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Menendez Rodriguez v. Pan American Life Insurance Co.*, 311 F.2d 429, 432 (5th Cir. 1962); *Ammon v. Kaplow*, 468 F.Supp. 1304, 1313 (D.Kan. 1979); *McKinney v. Southern Pacific Co.*, 147 F.Supp. 954 (S.D.Tex.1957). The moving party asserting a right of transfer has a heavy burden in establishing that a change of venue is warranted. *Van Dusen, U.S. District Judge, et al. v. Barrack, Administratrix, et al.*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), *Medicenters of America, Inc. v. T and V Realty & Equipment Mfg. Corp.*, 371 F.Supp. 1180, 1183 (E.D.Va.1974). Indeed, in an antitrust case, the defendant's burden of persuasion is "especially heavy [and] the plaintiff's choice of forum is entitled to particular respect." *Star Lines Ltd. v. Puerto Rico Maritime Shipping Authority*, 442 F.Supp. 1201 (S.D.N.Y.1978).

■ However, this deference to a plaintiff's choice of forum will be forsaken when the location of the defendants and witnesses, evidence, and the locus of operative facts, all point to a venue other than that selected by the plaintiff. *See, e.g., Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949 (9th Cir. 1968); *Professional Adjusting Systems of America, Inc. v. General Adjustment Bureau, Inc.*, 352 F.Supp. 648 (E.D.Pa. 1972); *Phillip Gall & Son v. Garcia Corp.*, 340 F.Supp. 1255 (E.D.Ky.1972). These factors may not be overcome by the plaintiff's inconvenience in suing away from his home district, *Pacific Car and Foundry, supra*, at 955, or his preference to employ local counsel, *Professional Adjusting Systems, supra*, 352 F.Supp. at 651.

■ In the instant case, the convenience of the parties and witnesses and the interests of justice would be best served by a

---

**2.** It appears from the record that all plaintiffs reside in the Southern District of Texas.

 

transfer to the Southern District of New York.  The Association's offices, employees and records are located in the Southern District of New York, specifically New York City.  The disciplinary hearing made the subject of this law suit occurred in the Southern District of New York; all of the Association's 28 employees work in the office located at 598 Madison Avenue.  Virtually all the Association's records, including the computer files pertaining to the challenged hearings, are located in New York—within the Southern District of New York.  In addition, most pre-trial discovery will have to be completed in New York.  These considerations clearly outweigh any conveniences to the plaintiff of retaining jurisdiction in this district.

The Court is of the opinion that proceeding in Houston will entail both inconvenience and expense for the defendant and any employees of the Association who may be called upon as witnesses.

Accordingly, defendant's Motion to Dismiss for Lack of Venue and Personal Jurisdiction is hereby DENIED; defendant's Motion for Venue Transfer is hereby GRANTED.

The Clerk shall file this Order and provide a true copy to counsel for all parties.