**Norman W. SACKETT, Plaintiff,**

v.

**The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, Defendant.**

**Civ. A. 84–C–1059.**

United States District Court,
D. Colorado.

Feb. 13, 1985.

Joseph Ricci, Colorado Springs, Colo., for plaintiff.

Charles Johnson, Denver, Colo., for defendant.

ORDER

CARRIGAN, District Judge.

Plaintiff brings this action under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.,* for damages arising from injuries sustained while working as a carman for the defendant Railroad near Roper, Utah. The Railroad has moved, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the District of Utah. Section 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action

to any other district or division where it might have been brought."

An action under the FELA may be brought "in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." FELA § 6, 45 U.S.C. § 56. Venue for this action, therefore, is proper in either Colorado or Utah because the Railroad does business in both districts.

The Supreme Court has held that, although the doctrine of *forum non conveniens* was not available in FELA suits prior to the 1948 revision of Title 28 of the United States Code, the newly enacted section 1404(a) is applicable to FELA suits. *Ex Parte Collett,* 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949). In *Collett* the Supreme Court upheld the district court's transfer of a FELA case from the Eastern District of Illinois to the Eastern District of Kentucky when all 35 witnesses and the plaintiff lived in Irvine, Kentucky, which also was the scene of the accident. Irvine was 420 miles from the seat of the Eastern District of Illinois but only 26 and 48 miles, respectively, from seats of the Eastern District of Kentucky.

Similar facts support a transfer in this case. Plaintiff has not disputed the Railroad's statement of the following facts supporting transfer:

1. The plaintiff resides near Salt Lake City, Utah.

2. The accident giving rise to this action occurred in or near Roper, Utah, a suburb of Salt Lake City.

3. Five Railroad employees, in addition to the plaintiff Sackett, gave statements to the Railroad during the Railroad's investigation of the accident. The Railroad anticipates that these persons will be called as witnesses at trial. All reside in the Salt Lake City area. Two of them no longer work for the Railroad, and therefore it could not ensure their presence at trial.

4. After the accident, Sackett was examined and treated by three doctors, and cared for by other personnel at a hospital in Murray, Utah. The Railroad anticipates that these persons will be witnesses at trial. All reside in the Salt Lake City area.

In contrast, the plaintiff has asserted no facts showing any nexus between his claim and Colorado. Indeed the plaintiff has produced nothing tending to show that the convenience of the parties and witnesses, or the interest of justice, would be served by litigating this action in Colorado. Rather, he relies solely on the fact that he chose Colorado as the forum.

█ Admittedly, "[t]he right to select the forum granted in [the FELA] § 6 is a substantial right." *Body v. Grand Trunk Western Railroad Co.,* 338 U.S. 263, 266, 70 S.Ct. 26, 27, 94 L.Ed. 55 (1949). The plaintiff's privilege of choosing a forum, therefore, must be accorded great weight. I have considered the numerous cases cited in the plaintiff's brief to this effect. But to accept the plaintiff's choice as determinative would be to hold, in effect, that section 1404(a) does not apply to FELA suits, a proposition the Supreme Court clearly rejected in *Collett.*

█ The burden is on the defendant, as the moving party, to show that there should be a change of forum. *See* 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3848 at p. 244 and cases cited therein. Defendant has met this burden. The most important factor here is the convenience of the witnesses. The witnesses normally necessary in a FELA case include the witnesses to the accident and the medical personnel who treated the plaintiff. These are the persons named by the defendant to be called as witnesses. They all reside near Salt Lake City, Utah, where the United States District Court for the District of Utah sits. Salt Lake City is approximately 500 miles from Denver. The expense of transporting witnesses to Colorado would thus be more than negligible.

█ Furthermore, any unwilling Utah witness would not be subject to subpoena by this court. Fed.R.Civ.P. 45(e). While

testimony could be presented at trial by deposition, live testimony certainly is preferable. *See* 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3851 at pp. 266–67 and cases cited therein. The balance of convenience for the witnesses, therefore, weighs heavily in favor of Utah. Plaintiff has produced neither evidence nor argument to show that there are other relevant factors favoring Colorado in the balance of forums.

Accordingly,

IT IS ORDERED that this action be transferred to the United States District court for the District of Utah.