**Theodore H. GREINER and Joan Greiner**

v.

**AMERICAN MOTOR SALES CORP. and Gladden Pontiac AMC Jeep Co.**

**Civ. A. No. B–86–0051–CA.**

United States District Court, E.D. Texas, Beaumont Division.

Oct. 20, 1986.

Michael E. Shelton, Houston, Tex., for plaintiffs.

John D. Gilpin, Ray H. Berk, Gilpin, Maynard, Parsons, Pohl & Bennett, Houston, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

The plaintiffs, Theodore and Joan Greiner, filed this diversity action in the United States District Court for the Eastern District of Texas, Beaumont Division, seeking recovery for injuries sustained when the vehicle in which plaintiff Joan Greiner was a passenger overturned. Defendant American Motor Sales Corporation has moved to transfer this action to the United States District Court for the Southern District of Texas, Victoria Division. For the reasons stated below, and in the exercise of this court's discretion, defendant's motion to transfer is granted; however, transfer is to be made to the Southern District of Texas, Houston Division.

■ 28 U.S.C. § 1404(a) sets forth the basis for a transfer of venue, and it provides:

> For the convenience of the parties and witnesses, in the interest of justice, a District Court may transfer any civil action to any other District or Division where it might have been brought.

In determining whether to grant a motion to transfer under Section 1404(a), this court must also take into account such factors as: (1) the availability of compulsory process for the attendance of unwilling witnesses; (2) the cost of obtaining the attendance of willing witnesses; (3) accessibility of sources of proof; (4) the time, cost, and ease with which the trial can be conducted, and all other practical considerations relative to the trial and determination of the case. *Coons v. American Horse Show Association, Inc.*, 533 F.Supp. 398 (S.D.Tex.1982); *Morgan v. Illinois Central Railroad Co.*, 161 F.Supp. 119 (S.D.Tex. 1958). In weighing the above factors, it is the opinion of this court that the convenience of the parties, the convenience of the witnesses, and the interest of justice will be served by transferring this case to the Southern District of Texas, Houston Division, since this case is significantly connected to the Southern District. For the purposes of this Memorandum Opinion, this

court takes judicial notice that the following towns and cities are situated in the Southern District of Texas: (1) Cuero, Texas; (2) Victoria, Texas; (3) Corpus Christi, Texas; (4) Houston, Texas.

■ At the outset, it should be noted that this case could have been brought in the Southern District of Texas, since this cause of action arose in that District, and all plaintiffs reside there.[1] It is undisputed that plaintiffs and their son, Stephen Greiner, reside in Cuero, Texas, and that the one-vehicle accident in which plaintiff was injured occurred near Cuero, on February 26, 1984. Thus, the provisions of § 1404(a) have been satisfied in this respect.

With reference to the attendance of willing and unwilling witnesses, this court notes that plaintiff Joan Greiner received emergency medical care from doctors at hospitals in Victoria, Texas, until she was transferred to the Methodist Hospital in Houston, Texas, on February 27, 1984. After receiving further treatment at the Methodist Hospital, she was released on March 29, 1984. As a result, all physicians who treated plaintiff Joan Greiner, and who are expected to be called as expert witnesses are located either in Victoria or Houston. In fact, plaintiff lists four physicians as expert witnesses who reside in the Southern District of Texas, Houston Division:

Bruce Ehni, M.D., Houston, Texas

Robert H. Miller, M.D., Houston, Texas

Jess A. Smith, M.D., Houston, Texas

Francisco Perez, Ph.D., Houston, Texas.

Additionally, all non-expert witnesses in this case are located in the Southern District. Stephen Davis, the Department of Public Safety officer who investigated the accident, is employed in Victoria, Texas. The ambulance and towing personnel who were present at the accident site reside in the Cuero/Victoria area. Furthermore, Stephen Greiner, the driver of the accident vehicle, resides in Cuero, Texas.

It is also significant to this court that the trailer which was pulled by the accident vehicle was manufactured in Corpus Christi and purchased in Houston, and that the accident vehicle was equipped with a drawbar for towing purposes by a dealership in Victoria. These facts suggest a potential for additional parties and/or witnesses who are connected to the Southern District. Thus, most, if not all, of the factual and expert witnesses are located in the Southern District of Texas. The Southern District is also the most convenient forum to gain access to sources of proof such as police, hospital, and business records of the accident. Neither Beaumont, nor the Eastern District of Texas have any significant relationship whatever to the matters involved in this action. The mere fact that the defendant may do business in the Eastern District is not sufficient to maintain venue of this action in this court, when all of the relevant factors of § 1404(a) are considered.

The court concedes that a plaintiff's choice of forum is generally entitled to respect and deference, and that the balance of convenience or interest of justice must clearly preponderate against the choice to justify a transfer under Section 1404(a). *Coons,* 533 F.Supp. at 400; *Bridgeman v. Bradshaw,* 405 F.Supp. 1004 (D.C.Cir.1975). However, where none of the operative facts occur within the forum of plaintiff's original selection, his choice is entitled to only minimal consideration. *Morgan,* 161 F.Supp. at 120. In light of the facts stated above, this court finds that plaintiff's choice of forum should be given minimal consideration in the instant case. All the witnesses, evidence and locus of operative facts are situated in the Southern District. Thus, the decreased cost and travel expense for witnesses, the minimal amount of time, and the ease with which this trial can be conducted in the Southern District relegate transfer to the Southern District. Defendant originally requested transfer to the Victoria Division; however, this court in its discretion grants a transfer to the South-

1. 28 U.S.C. § 1391 provides that a civil action founded only on diversity may be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

ern District of Texas, Houston Division, since the bulk of plaintiff's medical treatment was rendered in Houston, and the greater amount of pertinent medical testimony will stem from physicians located there. In addition, the attorneys for the plaintiff and defendant both practice in Houston, Texas. Thus, it is ORDERED that this case be transferred to the Southern District of Texas, Houston Division.