**Danny FLETCHER**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY.**

Civ. A. No. B–86–1149–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 1, 1986.

Arthur Sadin, Schechter, Eisenman & Solar, Houston, Tex., for plaintiff.

Daniel V. Flatten, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for defendant.

### MEMORANDUM OPINION

COBB, District Judge.

The plaintiff, Danny Fletcher, filed this FELA action in the United States District Court for the Eastern District of Texas, Beaumont Division, seeking recovery for injuries he sustained in McKinney, Texas,

---

while working for the defendant, Southern Pacific Transportation Company. Defendant has moved to transfer this case to the Sherman Division of the same District, pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, defendant's motion to transfer is granted.

## I. THE STANDARD FOR TRANSFER

28 U.S.C. § 1404(a) sets forth the basis for a transfer of venue, and it provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In determining whether to grant a motion to transfer under § 1404(a), federal courts have considered such factors as:

(1) Plaintiff's choice of forum. *Federal Deposit Insurance Corp. v. Citizens Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir.1979), *cert. denied*, 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979); *Wooldridge v. Beech Aircraft Corp.*, 479 F.Supp. 1041, 1057 (W.D.Mo.1979).

(2) The availability of compulsory process for the attendance of unwilling witnesses. *Coons v. American Horse Show Association, Inc.*, 533 F.Supp. 398 (S.D. Tex.1982); *Greiner v. American Motor Sales Corp.*, 645 F.Supp. 277, 279 (E.D. Tex.1986), citing *Coons, supra.*

(3) The cost of obtaining the attendance of willing witnesses. *Coons*, 533 F.Supp. at 400; *Morgan v. Illinois Central Railway Co.*, 161 F.Supp. 119, 120 (S.D.Tex. 1958).

(4) The accessibility and location of sources of proof. *American Standard, Inc. v. Bendix Corp.*, 487 F.Supp. 254, 264 (W.D.Mo.1980). *See also, Coons,* 533 F.Supp. at 400.

(5) The location of counsel. *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *American Can Co. v. Crown Cork & Seal Co.*, 433 F.Supp. 333 (E.D.Wis.1977); *Greiner*, Slip Op. at 5. *But cf. Solomon v. Continental American Life Insurance Co.*, 472 F.2d 1043 (3d Cir.1973) (where this factor is given little or no weight).

(6) The relative congestion of the courts' dockets. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

(7) Accessibility of the premises to jury view. *Gulf, supra.*

(8) Relation of the community in which courts and the jurors are required to serve to the occurrence giving rise to the suit. *Gulf, supra.*

(9) The time, cost, and ease with which the trial can be conducted, and all other practical considerations relative to the trial. *Morgan*, 161 F.Supp. at 120.

■ In weighing the above factors, it is the opinion of the court that the convenience of the parties and witnesses and the interest of justice will be served by transferring this case to the Eastern District of Texas, Sherman Division. For the purposes of this Memorandum Opinion, the court takes judicial notice that the following towns, cities, and counties are situated in or are amenable to process to the Sherman Division:

(1) McKinney, Texas.

(2) Van Alstyne, Texas.

(3) Sherman, Texas.

(4) Dallas, Texas.

(5) Lewisville, Texas.

(6) Ennis, Texas.

(7) Denison, Texas.

(8) Melissa, Texas.

(9) Denton, Texas.

(10) Irving, Texas.

(11) Collin County, Texas.

(12) Grayson County, Texas.

(13) Ellis County, Texas.

At the outset, it should be noted that this case could have been brought in the Sherman Division since this cause of action arose in that Division. *See,* 28 U.S.C. § 1391(b).

## II. THE CONVENIENCE OF WITNESSES

■ Probably the most important factor in passing on a motion to transfer under 28

U.S.C. § 1404(a) is the convenience of the witnesses. *Sackett v. Denver & Rio Grande Western Railroad Co.,* 603 F.Supp. 260 (D.Col.1985); WRIGHT, MILLER AND COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3851 (1986). In the present case, defendant has listed the following persons as factual and expert witnesses:

(1) *Factual witnesses*

C.S. Mattox, Ennis, Texas.

W.L. Gentry, Denison, Texas.

R.L. Lovett, Navasota, Texas (not within the Sherman or Beaumont Divisions).

David W. Fletcher, Melissa, Texas.

E.L. Alcala, Ennis, Texas.

B.P. Baldwin, Ennis, Texas.

M.J. Stoever, San Antonio, Texas (not within the Sherman or Beaumont Divisions).

A.L. Casper, Garland, Texas.

(2) *Expert witnesses*

Dr. Renshaw, Sherman, Texas (Orthopedist who treated plaintiff)

Dr. Selby, Dallas, Texas (Orthopedist who treated plaintiff)

Dr. Terry, Lewisville, Texas

Dr. Lewis, Sherman, Texas

Dr. Clinton Wainright, Denton, Texas

Joe Friedberg, Irving, Texas

In contrast, plaintiff has listed the following experts whom plaintiff expects to call at trial:

Joseph Kramberg, Houston, Texas (Vocational Expert)

Dr. Michael Wolfe, Houston, Texas (Economist)

Dr. Gary Nelson, College Station, Texas (Safety expert)

James Grimes, Houston, Texas (former railroad employee)

Ky Putnam, Houston, Texas (former railroad employee)

Dr. Hyder, Houston, Texas (consulting physician)

Dr. Cupic, Houston, Texas (present treating physician)

As to the witnesses listed above, it is well established under federal jurisprudence that motions for transfer should not become "a battle of numbers" and that "the party seeking transfer must clearly specify the key witnesses to be called and make a general statement of what their testimony will cover." *Young v. Armstrong World Industries, Inc.,* 601 F.Supp. 399, 401–402 (N.D.Tex.1984), quoting 15 WRIGHT, MILLER AND COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3851 at 270–71 (1976).

In the present case, the court does not intend to funnel this issue down to a "battle of numbers." Moreover, contrary to plaintiff's assertions, the defendant has demonstrated to the court [both in defendant's response to plaintiff's opposition to transfer and on oral argument] the content and relevance of the testimony to be presented by the listed witnesses. Upon a review of the pleadings, motions and supporting briefs in the present case, it is the opinion of the court that the greater number of key witnesses whose testimony will be necessary for trial either reside in or are amenable to process to the Sherman Division. Thus, the Sherman Division will better serve the convenience of the witnesses in this case.

Plaintiff contends that the court should discount the convenience of defendant's expert medical witnesses since their testimony will be repetitive and cumulative as to the issues of causation, diagnosis and treatment of plaintiff's condition. Instead, plaintiff argues that greater weight should be accorded the convenience of plaintiff's treating physician, Dr. Cupic, since Dr. Cupic's live testimony is needed to establish the only key substantive medical evaluation of plaintiff's ailment. *James v. Norfolk & Western Railway Co.,* 430 F.Supp. 1317, 1319 (S.D.Ohio 1976). This position is untenable. Contrary to plaintiff's contentions, the medical witnesses in this case are not unanimous in their assessment of plaintiff's illness, including the necessity for corrective surgery and the ability of plaintiff to return to work. Thus, the availability of differing medical testimony provided by defendant's expert witnesses will be of paramount importance in the present case.

Furthermore, Dr. Cupic is frequently retained by plaintiffs to give medical opinions at trial.[1] Given Dr. Cupic's willingness to become involved in litigation, it is unlikely that amenability to process will play any significant role in determining whether he will testify in person at trial. Thus, lesser weight is placed upon Dr. Cupic's convenience.

As to plaintiff's other expert witnesses, the court also accords little significance to their convenience. In this respect, the court recounts the testimony of plaintiff's attorney at the hearing on this motion:

> THE COURT: Of the witnesses you say would be more convenient, Dr. Hyder?
>
> MR. SADIN: Yes, Your Honor.
>
> THE COURT: Where does Dr. Hyder live?
>
> MR. SADIN: Dr. Hyder lives in Houston, and his office is in the Southern Pacific Building. He is the railroad's medical officer. He makes the determination of whether or not an employee can return to duty in the event of a serious injury on the job. He also determines the hiring practices as to the physical examinations and he determines what individuals follow the standards of employment set by the railroad or are employed by Southern Pacific.
>
> THE COURT: Dr. Cupic, whom your firm employed. Who is Dr. Nelson?
>
> MR. SADIN: He is a safety human factors safety engineer.
>
> THE COURT: Who employed him?
>
> MR. SADIN: Our firm, Your Honor.
>
> THE COURT: Who us Joe Kramberg?
>
> MR. SADIN: He is a vocational expert. Employed by our firm.
>
> THE COURT: Michael Wolfe?
>
> MR. SADIN: He is an economist, I think. He is familiar with Southern Pacific Railroad maintenance and way craft, which was hired by our firm to testify.
>
> THE COURT: James Grimes or Ky Putman?

> MR. SADIN: Those are former railroad employees who are familiar with railroad safety procedures. They have been retained by our firm. In addition, Mr. Lovette, is the defendant's employee who lives in Navasota and Mr. Stevens, who lives in San Antonio.
>
> THE COURT: I was reading your list of experts. So, basically most of the witnesses that you assert were militating by granting the motion were either recommended or employed by your firm after the plaintiff employed you. Is that correct?
>
> MR. SADIN: That's correct, Your Honor.

Thus, all of plaintiff's expert witnesses have been retained by plaintiff after filing suit, and therefore, their convenience is of little consequence in determining whether trasnfer is proper in the present case. *See generally, Morgan v. Illinois Central Railway Co.,* 161 F.Supp. 119 (S.D.Tex. 1958). Furthermore, other cases which have elaborated upon this principle state:

> It is of little value to this court's determination that plaintiff's expert witnesses reside in Ohio; even were this matter to be transferred, expert witnesses could be found and retained in the transferee district ...

*Gdovin v. Catawbal Rental Co.,* 596 F.Supp. 1325, 1327 (N.D.Ohio 1984). Moreover, the court in *Jordan v. Delaware and Hudson Railway Co.,* 590 F.Supp. 997, 998 (E.D.Penn.1984) states:

> [T]he testimony of plaintiff's economic expert, construction safety expert, and vocational expert is standard in that it varies little substantively from case to case of this type. If need be, counsel could easily videotape this testimony for purposes of trial. Finally, where virtually all the remaining factors favor a transfer, the fact that the aforementioned three experts have offices in the Eastern District of Pennsylvania is inconsequential.

---

**1.** Dr. Cupic has appeared before the court in the cases of *Lands v. St. Louis Railway Co.,* 648 F.Supp. 322 (E.D.Tex.1986), and *Dixon v. South-* *ern Pacific Transportation Co.,* Civ.A. No. 85–1586 (E.D.Tex.1985).

Therefore, little weight has been given to the convenience of plaintiff's expert witnesses. Thus, the decreased cost, time, and travel expenses for the key witnesses in this case relegate transfer to the Sherman Division.

### III. CONVENIENCE OF THE PARTIES

The court concedes that a plaintiff's choice of forum is generally entitled to respect and deference, and that the balance of convenience or interest of justice must clearly preponderate against this choice to justify a transfer under § 1404(a). *Greiner*, at 281, citing *Coons*, 533 F.Supp. at 400; *Bridgeman v. Bradshaw*, 405 F.Supp. 1004 (D.C.Cir.1975). However, where none of the operative facts occur within the forum of plaintiff's original selection, his choice is entitled to only minimal consideration. *Morgan*, 161 F.Supp. at 120. In the present case, the cause of action arose in McKinney, Texas, which is within the Sherman Division. Furthermore, all key witnesses, evidence, and locus of operative facts are situated in the Sherman Division. Additionally, the problem of producing hospital and accident records in the transferee forum may not be much of a problem. Thus, in light of the foregoing, the court finds that plaintiff's choice of forum should be given minimal consideration in the instant case. Therefore, plaintiff's choice of forum does not preclude transfer of this action to the Sherman Division.

### IV. THE INTEREST OF JUSTICE

Under this factor, the court must take into consideration the amount of time and the ease with which this case can be conducted in the Sherman Division. In doing so, the court must ignore the congestion of its own docket in the Beaumont Division. The district court in *Mazinski v. Dight*, 99 F.Supp. 192, 194 (W.D.Penn.1951) articulated this point so well:

Of course, it would serve the convenience of this court and of other litigants with pending cases to transfer the action to some other less burdened district. No district court may, however, order such a transfer only to serve its personal convenience.

In view of the Sherman Division docket, the court finds that this action may progress more expeditiously in the Sherman Division because of its less crowded docket. Thus, transfer is appropriate in the present case.

### V. CONCLUSION

For the reasons stated herein, the court orders this case to be transferred to the Sherman Division for the convenience of the parties and witnesses and in the interest of justice. It is further ORDERED that the District Clerk for the Eastern District of Texas, Beaumont Division, shall not physically transfer this case until ten (10) days after entry of this order, or any time thereafter, to permit plaintiff at his discretion to request a stay of transfer, or move to have the court reconsider its decision to transfer.[2]

2. It has come to the court's attention that the District Clerk for the Eastern District of Texas, Beaumont Division, promptly transfers cases which are ordered transferred to other districts or divisions. The court commends the District Clerk on this quick and professional service. However, in view of the fact that the court loses jurisdiction to reconsider its order once a case is physically transferred, there is a need to delay transfer until the court has fully determined the case to be appropriate for transfer. In this respect, the 10–day delay is necessary for the party opposing the transfer to respond appropriately to the court's order.