Elsa BEVIL

v.

SMIT AMERICAS, INC.

Civ. A. No. G–95–084.

United States District Court,
S.D. Texas,
Galveston Division.

April 24, 1995.

Mark Wandless Stevens, Galveston, TX, for plaintiff.

Antoinette J. van Heugten, Haight Gardner Poor & Havens, Houston, TX, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

KENT, District Judge.

Pending before the Court is Defendant's Motion to Transfer Venue to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b) and § 1404(a) and (b). For the reasons stated below, Defendant's Motion to Transfer Venue is Denied.

### I. Background

Plaintiff brought this cause action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 621 et.seq., and the Civil Rights Act of 1991, 42 U.S.C.A. § 1981(a). Plaintiff Elsa Bevil was employed by Defendant Smit Americas, Inc. in April, 1993. Plaintiff worked at Defendant's Galveston office, which was closed soon after Plaintiff commenced this suit. Plaintiff was discharged from her employment on April 4, 1994. Plaintiff asserts that at the time of her termination, she was sixty-three years of age and was in all respects qualified to perform her duties as a secretary. Plaintiff further contends that she was replaced by a substantially younger woman, who was approximately twenty-six years of age.

Plaintiff asserts that the Defendant was aware of the ADEA requisites, that Plaintiff was a member of a protected class under the ADEA, and therefore Plaintiff's termination was willful. Plaintiff argues that Defendant, through its managers in Galveston, consciously and expressly decided to hire younger women to work in the Galveston office. Plaintiff asserts that Mr. Charles Holley, one of Defendant's managers, specifically told Plaintiff that she was being discharged because the new director for Defendant's Galveston office wished to hire younger women.

Plaintiff timely filed an administrative complaint with the Equal Employment Opportunity Commission (EEOC) and a Right to Sue Letter was issued by the EEOC on January 23, 1995. Plaintiff then filed suit in this Court on February 15, 1995. Defendant now moves this Court to transfer venue to the Houston Division of the United States District Court for the Southern District of Texas.

In support of its Motion to Transfer Venue, Defendant contends that it is entitled to a transfer from the Galveston Division to the Houston Division pursuant to the rules for determining venue in a non-diversity case, specifically 28 U.S.C. § 1391(b). Defendant alleges that the language of the statute clearly states that the permissible venues for cases not founded on diversity jurisdiction lie in the judicial district where: (1) any defendant resides; (2) a substantial part of the events giving rise to the claim occurred; or (3) a judicial district where any defendant may be found. The Court does not dispute that venue is proper in any of the three locations listed above. However, Defendant appears to have confused the venue statute's district oriented language with the concept of divisions within a district. The decision to transfer a case to another division is well within the discretion of this Court under 28 U.S.C. § 1404.

Defendant further asserts that a number of factors warrant a transfer to the Houston

Division: (1) a substantial number of the witnesses are located in Houston or out of state; (2) Defendant's counsel is located in Houston; (3) the location of books and records is in Houston; (4) the Defendant's principal place of business is in Houston; (5) the decision to close Defendant's Galveston office was made in Houston; (6) the executive decision by the Defendant to lay off the Plaintiff was rendered in Houston; and (7) at the time this action was initiated by the Plaintiff, Defendant had no office in Galveston.

In response thereto, Plaintiff contends that this case should not be transferred to the Houston Division for the following reasons: (1) Plaintiff resides within the Galveston Division; (2) Plaintiff's discharge occurred in the Galveston Division; (3) Plaintiff's attorneys maintain their offices in the Galveston Division; (4) Defendant's attorneys are believed to actively practice in the Galveston Division, although their office is in Houston; (5) the witnesses reside in the Galveston Division or in the nearby Houston area; (6) at the time of Plaintiff's discharge, Defendant had an active facility in the Galveston Division; and (7) Plaintiff fears that a transfer of this case to the Houston Division would unnecessarily delay the resolution of this litigation.

## II. Discussion

Title 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." In deciding to transfer a case, a Court must consider several factors: the availability of witnesses and convenience of parties; the location of counsel; the location of books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the Plaintiff's choice of forum. *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993); *See, e.g., Hogan v. Malone Lumber, Inc.*, 800 F.Supp. 1441, 1443 (E.D.Tex.1992); *United Sonics v. Shock*, 661 F.Supp. 681, 682–83 (W.D.Tex. 1986); *Greiner v. American Motor Sales Corp.*, 645 F.Supp. 277, 278 (E.D.Tex.1986);

*Coons v. American Horse Show Ass'n, Inc.*, 533 F.Supp. 398, 400 (S.D.Tex.1982); *Morgan v. Illinois Cent. R.R. Co.*, 161 F.Supp. 119, 120 (S.D.Tex.1958). The Court will examine each factor in turn.

### A. Availability and Convenience of Parties

This factor is arguably the most important of those listed and centers around the key witnesses in the case. *Dupre*, 810 F.Supp., at 825; *See, Fletcher v. Southern Pa. Trans. Co.*, 648 F.Supp. 1400, 1401–02 (E.D.Tex.1986); 15 Wright, Miller & Cooper, § 3851 at 415. The moving party must do more than make a general allegation that certain key witnesses are not available or are inconveniently located. *Dupre*, 810 F.Supp. at 825; *Continental Airlines v. American Airlines*, 805 F.Supp. 1392, 1396 (S.D.Tex. 1992); 15 Wright, Miller & Cooper, § 3851 at 425. The movant must specifically identify the key witnesses and outline the substance of their testimony. *Dupre*, 810 F.Supp. at 825; *Continental Airlines*, 805 F.Supp. at 1396.

If these requirements are satisfied, this Court will often transfer a case in which most of the crucial witnesses expected to testify live more than one-hundred miles from Galveston. However, the Galveston Division Courthouse is only about fifty miles from the Houston Division Courthouse. In the Court's view, even if all the witnesses, documents, and the like were located within walking distance of the Houston Division Courthouse, the inconvenience caused by retaining this case in this Court would be, in this age of convenient travel, discovery, trial testimony preservation, and communication, minimal. As the Fifth Circuit has observed, regarding a transfer from the Southern District of Texas to the Eastern District of Texas:

This case is not being consigned to the wastelands of Siberia or some remote, distant area of the continental United States. The minor inconvenience Exxon may suffer in having to litigate this case in Tyler—only 203 miles distant—rather than in Houston, can in no rational way support the notion of abuse of discretion.

*Jarvis Christian College v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir.1988).

### B. Location of Counsel

■ The Court concurs with legion other Courts that of the factors listed, location of counsel is entitled to the least consideration. *Dupre,* 810 F.Supp. at 825. But, the Court will give some weight to this factor if the Plaintiff chose local counsel to bring the suit. This fact goes to the Plaintiff's choice of forum which *is* entitled to great deference. *Id.* In the instant case, Plaintiff's counsel maintain their offices within the Galveston Division. In addition, while Defendant is represented by a Houston law firm, the firm practices in the Galveston Division, as well as in Houston. Even though Defendant's attorneys have their primary office in Houston, this will not preclude them from traversing the minimal distance to Galveston.

### C. Location of Books and Records

■ In some cases, the location of books and records is of paramount importance to whether a case should be transferred. *Mobil Corp. v. SEC,* 550 F.Supp. 67, 70–71 (S.D.N.Y.1982) (district court transferring a case where over 7,000 documents were expected to be produced); *American Fed. Casualty Agency v. Cross Country Ins. Agency,* 403 F.Supp. 1246, 1247 (E.D.Wis.1975) (district court refusing to transfer a case where the substantial records of a corporation were at issue and were located in the district of that court). However, the inconvenience of transporting relevant books and records is minimal, given the proximity of the Houston Division Courthouse to the Galveston Division Courthouse. Moreover, even if the number of the documents is relatively large, under Local Rule 11, the admissibility of documents is determined before trial. The Court can assure the parties that they will need to transport to Galveston only those relevant, noncumulative documents necessary for trial.

### D. Cost of Obtaining Attendance of Witnesses

The Court finds its reasoning in *Dupre* equally applicable here:

In any case, parties encounter certain unavoidable costs and encumbrances in going to trial. It is rare in federal court that the chosen forum is the least expensive venue for every individual affiliated with the dispute.... Notwithstanding, with advances in communication, transportation, and the preservation of testimony, costs and encumbrances that were once oppressive are now usually surmountable. Additionally, parties can also keep costs down by taking advantage of this Court's liberal policy of allowing the succinct presentation of deposition testimony at trial.

However, this Court is certainly concerned with cases in which [many] parties and witnesses live far from Galveston. In those situations, the Court will look closely at the cost to both parties of trying the case here.

■ In the present case, the Defendant's assertion that the majority, if not all, of the witnesses reside in Houston is not dispositive. This is especially true, given that Harris County and Galveston County, where the respective Division Courthouses are located, are contiguous. Indeed, the boundary between the counties is roughly equidistant, being about twenty-five miles from the courthouses of the Galveston and Houston Divisions. The Court would be inclined to give Defendant's argument more credence if the witnesses and situs of the occurrence were located in, for example, the Brownsville Division of the Southern District of Texas.

### E. Place of the Alleged Wrong

■ The place of the alleged wrong is an important factor in determining whether to transfer a case. *Sanders v. State Street Bank and Trust Co.,* 813 F.Supp. 529, 536 (S.D.Tex.1993). At all relevant times, Plaintiff worked at Defendant's Galveston facility. Furthermore, Plaintiff's alleged wrongful termination occurred in Galveston.

■ The Defendant argues that, "[t]he global decision-making affecting the entire corporate structure ultimately determined the Plaintiff's fate, not the local Galveston office." Defendant's Motion to Transfer Venue, at 8. While this Court appreciates creative legal arguments, the Court, in all

candor, finds this argument to be based solely on hyper-technical metaphysical distinctions. Taken to its logical conclusion, Defendant's argument would militate in favor of absolving vast corporate empires of localized responsibility for policy and business decisions on the questionable grounds that the decision was made elsewhere. Corporations could easily circumvent state and federal law and the resultant consequences simply by choosing to make a decision in an isolated location far from where the decision has its ultimate impact. Corporations are certainly entitled to make decisions that have serious ramifications for all of their employees, officers and directors. But, inasmuch decisions rendered at the executive level have an impact upon the lives of employees at all tiers of the corporate pyramid, the corporation must stand accountable therefore, at the actual place of impact.

### F. Possibility of Delay or Prejudice if Transfer Granted

When considering a § 1404(a) Motion to Transfer, "[a] prompt trial ... is not without relevance to the convenience of parties and witnesses and in the interest of justice." *Fannin v. Jones*, 229 F.2d 368, 369–70 (6th Cir.1956), *cert denied*, 351 U.S. 938, 76 S.Ct. 834, 100 L.Ed. 1465 (1956). While it is true that this Court carries a large docket, the caseload of virtually every Court in the Southern District is substantially higher than the national average, and the situation in the Houston Division is particularly acute. Due to an increase in both the number and complexity of criminal filings, the extremely crowded dockets, and several other factors, the trial track in the Houston Division is two to three years. By contrast, Defendant is well aware that the trial track in this Court is much shorter. Thus, in the instant case, the net effect of a transfer to the Houston Division would be to delay resolution. In the Court's view it cannot seriously be contended that the interest of justice requires a transfer of venue under such circumstances.

### G. Plaintiff's Choice of Forum

Numerous Courts in this Circuit have held that, subject to certain exceptions, the Plaintiff's choice of forum is entitled to great deference. *United Sonics*, 661 F.Supp., at 683 (holding that a Plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor"); *McRae v. Sawyer*, 660 F.Supp. 62, 65 (S.D.Miss.1986); *Young v. Armstrong World Indus.*, 601 F.Supp. 399, 401 (N.D.Tex.1984). This is especially true where, as here, Plaintiff's chosen forum is not only in her home district, but her home division. *Dupre*, 810 F.Supp., at 828. It is this Court's consistent practice to honor a Plaintiff's choice of forum where factually justified, as here. *Id*, (citing *United Sonics v. Shock*, 661 F.Supp. 681, 682 (W.D.Tex.1986)).

For the reasons set forth above, Defendant's Motion to Transfer Venue to the United States District Court for the Southern District of Texas, Houston Division, is **HEREBY DENIED.**

**IT IS SO ORDERED.**