**Ken LINDLOFF, Plaintiff,**

v.

**SCHENECTADY INTERNATIONAL,
Defendant.**

No. 1:96–CV–372.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 24, 1996.

184

John Gerard Werner of Reaud, Morgan & Quinn, Beaumont, TX, for Plaintiff.

Patricia M. Hair of Crain, Caton & James Houston, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

### GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

SCHELL, Chief Judge.

Before the court is Schenectady International's ("Defendant") Motion to Transfer Venue, filed on September 20, 1996. Ken Lindloff ("Plaintiff") filed his response on November 8, 1996, to which Defendant replied, with additional briefing that the court ordered, on November 19, 1996. Plaintiff in turn filed his surreply on November 27, 1996, also including the additional briefing that the court ordered. Upon consideration of the motion, response, reply, surreply, and applicable law, the court is of the opinion that Defendant's motion should be GRANTED.

## I. BACKGROUND

This is an action under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991. Plaintiff lives in Brazoria County, worked at Defendant's Freeport facility in Brazoria County, and was allegedly the victim of discrimination in Brazoria County.[1] Brazoria County is located within the Galveston Division of the Southern District of Texas.

Plaintiff alleges Defendant discharged him because he has leukoderma, a disability that he asserts is covered by the ADA, and because Defendant did not want "to make reasonable accommodations to [Plaintiff's] possible future physical impairments."[2] Defendant, subject to its 12(b) objections, denied these allegations in its answer.

## II. ANALYSIS

### A. ADA Venue

█ The ADA contains an enforcement provision which incorporates by reference the Title VII venue provision.[3] That venue provision states that a plaintiff may bring an ADA claim "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed."[4] The 11th Circuit Court of Appeals has determined that this provision allows a plaintiff to bring a claim in *any* judicial district in the State as long as the alleged discrimination took place in that State.[5] Under this inter-

1. Pl.'s Compl. at 2–3.

2. Pl.'s Compl. at 3.

3. The ADA's enforcement provision states:
 The powers, remedies, and procedures set forth in section[ ] ... 42 U.S.C. § 2000e–5 ... *shall be* the ... procedures this title provides to ... any person alleging discrimination on the basis of disability in violation of any provision of this Act [the ADA], or regulations under section 106 [42 U.S.C. § 12116], concerning employment.
 42 U.S.C. § 12117 (emphasis added). This enforcement provision in turn refers to and incorporates 42 U.S.C. § 2000e–5(f)(3), the Title VII venue provision, which states:
 Such an action [under Title VII] may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.
 42 U.S.C. § 2000e–5(f)(3).

4. 42 U.S.C. § 2000e–5(f)(3).

5. *See Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 n. 11 (11th Cir.1993), *cert. denied* —— U.S. ——, 115 S.Ct. 69, 130 L.Ed.2d 24 (1994); *Richardson v. Alabama State Bd. of Educ.*, 935 F.2d 1240, 1248 (11th Cir.1991). The cases that Defendant cited in its motion contending that the Title VII venue provision required this case to be brought in the Southern District dealt with the

pretation as applied to Texas, which is composed of four judicial districts, the plaintiff could file an ADA claim in any of the four judicial districts as long as the plaintiff alleges the discrimination occurred in Texas.

This court was unable to locate any Fifth Circuit cases on this point and is of the opinion that the second sentence in 42 U.S.C. § 2000e–5(f)(3) limits venue to particular districts within a State. Nevertheless, the disposition of this motion is governed by 28 U.S.C. § 1404(a).

### B. 28 U.S.C. § 1404

 Section 1404(a) allows a court to change the venue and states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[6] The factors a court may consider include: (1) the plaintiff's choice of forum; (2) availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining the attendance of willing witnesses; (4) the accessibility and location of sources of proof; (5) the location of counsel; (6) the relative congestion of the courts' dockets; (7) accessibility of the premises to jury view; (8) relation of the community in which courts and the jurors are required to serve to the occurrence giving rise to the suit; and (9) the time, cost, and ease in which the trial can be conducted, and all other practical considerations relative to the trial.[7]

#### 1. Plaintiff's Choice of Forum

The plaintiff's choice of forum is entitled to some deference unless none of the operative facts occurred in the selected forum.[8] In this case, Plaintiff was allegedly discriminated against at Defendant's Freeport plant in the Southern District.[9] Since most, if not all, of the operative facts occurred in Freeport, Plaintiff's choice of forum is given reduced significance.

#### 2. Compulsory Process

Federal Rule of Civil Procedure 45(b)(2) sets a 100 mile limit on the court's subpoena power over witnesses outside the district. Consequently, any of Defendant's officers or employees who are outside the Eastern District and who might be unwilling to appear at trial would have to be within a 100 mile radius of the Beaumont federal courthouse in order to be compelled to appear. Additionally, because this is a discrimination case, Defendant's officers and employees at the Freeport plant would likely be important witnesses to prove or disprove discrimination against Plaintiff.

Defendant provided affidavit evidence that all relevant witnesses reside near Freeport.[10] Plaintiff provided no rebuttal evidence to this claim. Therefore, the court will use Freeport as the point from which the court will measure and determine if the witnesses would be amenable to compulsory process. Freeport, measured by a straight line, is roughly 110 miles from Beaumont. Though

---

situation where the discrimination occurred in a state other than where suit was brought. The cases did not address the present issue of whether venue was proper in another judicial district in a multi-district state. *See e.g. Minnette v. Time Warner,* 997 F.2d 1023, 1026–27 (2nd Cir.1993) (upholding a transfer by a district court of a case from the Western District of New York to the Eastern District of Virginia because the plaintiff was allegedly discriminated against in Virginia); *Johnson v. Payless Drug Stores Northwest, Inc.,* 950 F.2d 586, 587–88 (9th Cir.1991), *cert. denied,* 505 U.S. 1225, 112 S.Ct. 3044, 120 L.Ed.2d 911 (1992) (upholding a dismissal by a district court for improper venue from the Northern District of California when the plaintiff was allegedly discriminated against in Nevada).

**6.** 28 U.S.C. § 1404(a). This statute provides that a case may be transferred to "any other district

or division where [the case] might have been brought." *Id.* Plaintiff could have properly brought this suit under the ADA enforcement provision and the general venue statute in the Galveston Division of the Southern District of Texas. Thus, this court could properly transfer this case under § 1404(a) to the Galveston Division.

**7.** *Fletcher v. Southern Pac. Transp. Co.,* 648 F.Supp. 1400, 1401 (E.D.Tex.1986) (collecting authorities).

**8.** *Id.* at 1404.

**9.** Pl.'s Compl. at 2.

**10.** Def.'s Mot. Ex. B at 2.

there is likely to be a variance from the courthouse to the exact location of the plant, either making it closer than 110 miles or farther, the court assumes 110 miles is the actual distance. As a result, the court is of the opinion that the court's subpoena power is likely to be limited in this circumstance. Additionally, because it does not appear that the Galveston court will have this problem, this factor favors the transfer of this case to Galveston.

### 3. Cost of Obtaining Attendance of Witnesses

Because many of the potential witnesses live near Freeport and because Freeport is closer to Galveston than it is to Beaumont, the cost of obtaining the attendance of those witnesses in Galveston would be less than if the trial were conducted in Beaumont. Thus, this factor favors the transfer of this case to Galveston.

### 4. Accessibility and Location of the Sources of Proof

Neither of the parties provided evidence as to the location of documents or records that would be used in this case. The court infers, however, that the records are more likely to be kept at Defendant's Freeport facility than in Beaumont or in any another location in the Eastern District where Defendant claims it does not own any land or maintain any warehouse.[11] Thus, this factor would seem to favor a transfer.

### 5. Location of Counsel

Plaintiff's counsel is in Beaumont whereas Defendant's counsel is in Houston. Since both counsel would have to travel in order to participate in the case if it is transferred to Galveston, this factor favors Plaintiff.

### 6. Relative Congestion of Courts' Dockets

The court is unaware of the status of the docket in Galveston and cannot make a definitive statement as to its level of congestion. Due to this lack of information, the court cannot make a determination as to this factor.

### 7. Accessibility of the Premises to Jury View

At this stage of the litigation the court cannot determine whether the accessibility of the premises to jury view will be a factor in this case. The court, however, cannot speculate that it would not be a factor in the future. For the sake of prudence, therefore, the court recognizes that the premises is closer to Galveston than it is to Beaumont and that this factor favors the transfer to Galveston.

### 8. Community's Nexus to the Lawsuit

Defendant's alleged discrimination took place in Freeport and has no connection whatsoever with the Eastern District of Texas. All of the operative facts occurred in Brazoria County and the citizens of that county would have a strong interest in correcting an alleged wrong in their community. Consequently, this factor also favors transferring the case to Galveston.

### 9. Practical Considerations

The last factor is a catch-all, where the court should consider efficiency and other practical considerations. As stated previously, the sources of proof, witnesses, and maybe even the necessary records are substantially closer to Galveston than they are to Beaumont. Furthermore, there is a strong nexus between the alleged discrimination and the citizens of the Southern District. On the other hand, the only factor really favoring Plaintiff is his lawyer's location.

### III. Conclusion

Balancing these factors, the court is of the opinion that this case should be transferred pursuant to 28 U.S.C. § 1404(a) to the Galveston Division of the Southern District of Texas. Therefore, the court hereby ORDERS that this case be TRANSFERRED to the Galveston Division of the Southern District of Texas.

---

11. Def.'s Mot. Ex. B at 1–2.