The TORO COMPANY and Toro Sales Company, Petitioners,

v.

The Honorable Donald D. ALSOP, District Judge, Ballas Liquidating Company, and Weed Eater, Inc., Respondents.

No. 77–1685.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 4, 1977.

Decided Nov. 10, 1977.

John W. Hofeldt and Robert V. Jambor, Haight, Hofeldt, Davis & Jambor, Chicago, Ill., and Eugene M. Warlich and Alan I. Silver, Doherty, Rumble & Butler, St. Paul, Minn., for petitioners.

Edward W. Goldstein and Richard S. Faust, Arnold, White & Durkee, Houston, Tex., and James B. Loken and John D. French, Faegre & Benson, Minneapolis, Minn., for respondents, Ballas Liquidating Co. and Weed Eater, Inc.

Before BRIGHT, WEBSTER and HENLEY, Circuit Judges.

PER CURIAM.

This is an original petition for a writ of mandamus tendered by two Minnesota corporations, The Toro Company and its wholly owned subsidiary, Toro Sales Company. Respondents are The Honorable Donald D. Alsop, one of the judges of the United States District Court for the District of Minnesota, Ballas Liquidating Company and Weed Eater, Inc. Petitioners are the plaintiffs in what is basically an antitrust suit that is pending on Judge Alsop's docket, and the other respondents are defendants in that case.[1] The purpose of the

---

1. The style of the case is *The Toro Company, et al. v. Ballas Liquidating Company, et al.*, Docket No. 4–77 Civil 84.

petition is to set aside by means of mandamus an order of Judge Alsop severing Count 4 of petitioners' second amended complaint from the other counts and transferring the severed count to the United States District Court for the District of Kansas for possible limited consolidation with one or more patent infringement suits now pending in that district. Petitioners claim that the challenged order of the district court was beyond its power to enter, and that in any event the action of that court amounted to such an abuse of discretion as to be reviewable at this time by means of mandamus. Jurisdiction is predicated upon 28 U.S.C. § 1651(a), which is commonly referred to as the "all writs" section of the Judicial Code. Respondents contend that the petition should be dismissed summarily.

Petitioners and respondents, other than Judge Alsop, are engaged in the manufacture and sale of lawn and garden equipment such as small tractors, lawnmowers, edgers, and trimmers. Both are competitors and both are engaged in interstate commerce. Petitioner's products are sold under the brand name "Toro," and respondent's products are sold under the brand name "Weed Eater." The present respondent, Weed Eater, Inc. is sometimes referred to as Weed Eater II because in its corporate family tree there was an earlier Weed Eater, Inc. which is referred to as Weed Eater I. With the passage of time Weed Eater I acquired certain patents on lawn trimming devices, and those patents, including the right to sue for past infringements, are now owned by Weed Eater II.

In 1975 Weed Eater I, which was still operational, filed a patent infringement suit in federal court in Kansas against Allied Industries of Kansas, Inc., which was manufacturing trimmers to be sold under the Toro name. Another infringement suit filed by Weed Eater I in another district

has been transferred to Kansas at least for discovery purposes. As indicated, Weed Eater II is a successor to Weed Eater I.

Petitioners' suit in Minnesota was filed in early March, 1977, and the complaint was amended twice. The second amended complaint, hereinafter called simply the complaint, was filed in June and contained four counts. The first three counts charged violations of §§ 1 and 2 of the Sherman Antitrust Act and of § 3 of the Clayton Act. Treble damages and injunctive relief were sought. It was claimed, among other things, that the defendants were using the Weed Eater patents unlawfully as tools to further their violations of the antitrust laws.

Count 4 of the complaint charged that the Weed Eater patents are invalid, unenforceable and not infringed, and prayed a declaratory judgment to that effect. When the complaint was filed Weed Eater II filed a counterclaim addressed to Count 4 and claiming damages for infringement.[2] Obviously, the patent issues tendered by Count 4 of the complaint and by the counterclaim addressed to that count are embraced, at least in large measure, in the patent case pending in Kansas.

Weed Eater II moved to sever Count 4 of the complaint from the other counts and to transfer Count 4 and its own counterclaim to Kansas for possible consolidation with the earlier case for purposes of discovery if not for other purposes as well. The motion was opposed by petitioners.

In July, 1977 the district court filed a Memorandum Order and granted Weed Eater's motion. The district court was evidently of the view that it had the authority to sever Count 4 and to transfer that count and the counterclaim to Kansas pursuant to 28 U.S.C. § 1404(a).[3] As to the propriety of the transfer, the district court found that it

2. The counterclaim was conditioned upon a determination by the district court that venue of petitioners' suit was proper and that the district court had jurisdiction of the corporate person of Weed Eater II; the district court so held.

3. Section 1404(a) provides that for the "convenience of parties and witnesses, in the interest of justice" a district court may transfer a civil action to any other district in which it might have been brought.

would conserve judicial resources and would promote judicial administration; the district court also found that there was a possibility that the patent issues raised in Count 4 would be tried more speedily in Kansas than in Minnesota.

In August the district court refused to reconsider its holding and also refused to certify under 28 U.S.C. § 1292(b) that the question presented by the transfer motion would be appropriate for our consideration in an interlocutory appeal.

The instant petition was promptly filed and on September 2, 1977 a member of the administrative panel of this court granted a stay of the district court's order. A response was called for, filed and later supplemented.[4] The matter has been submitted to us on the petition, the response as supplemented, exhibits tendered by the respective parties and memorandum briefs.

■ This court has never looked with favor on the use by a disappointed litigant of the extraordinary writ of mandamus to secure an interlocutory review of an order entered pursuant to § 1404(a). And for a number of years following our decision in *Great Northern Ry. v. Hyde*, 238 F.2d 852 (8th Cir. 1956), *adhered to by a divided court on rehearing*, 245 F.2d 537 (8th Cir.), *cert. denied*, 355 U.S. 872, 78 S.Ct. 117, 2 L.Ed.2d 77 (1957), the rule in this circuit was that the writs of mandamus and prohibition were available in transfer context only if the district court had ordered or was about to order transfer of a case to a district in which it could not have been brought originally. However, in *McGraw-Edison Co. v. Van Pelt, District Judge*, 350 F.2d 361 (8th Cir. 1965), we extended the scope of interlocutory review so as to permit an inquiry as to "whether the district court's action under § 1404(a) was shown to be without any possible basis for judgment of discretion, so as legally to involve abuse of judicial power and responsibility." 350 F.2d at 363. We said:

In thus making examination of whether the district court's action under § 1404(a) has been arbitrary, these cases have not opened the door to any loose issuance of a writ. All of them have expressly or by implication emphasized the narrow range of scrutiny which is involved and the traditional restraint which always must be exercised by an appellate court in relation to the issuance of any writ. The only relief which a party will be permitted to seek in such a situation is against manifest judicial arbitrariness. Unless it is made clearly to appear that the facts and circumstances are without any basis for a judgment of discretion, the appellate court will not proceed further to examine the district court's action in the situation. If the facts and circumstances are rationally capable of providing reasons for what the district court has done, its judgment based on those reasons will not be reviewed. *Chemetron Corporation v. Perry*, 295 F.2d 703, 704 (7 Cir. 1961). Where basis exists for judgment of discretion, the appellate court may not substitute its own discretion for that of the district court. *General Casualty Company v. Grubb*, 253 F.2d 51, 53 (7 Cir. 1958).

350 F.2d at 363.

The scope of review defined in *McGraw-Edison* was recently recognized by us in *Caleshu v. Wangelin, District Judge*, 549 F.2d 93, 96 (8th Cir. 1977). *See also Wilkins v. Erickson*, 484 F.2d 969, 991 (8th Cir. 1973).

■ We have given careful consideration to the materials before us, and we are satisfied that in view of the provisions of Fed.R. Civ.P. 21 the district court had the power to sever count 4 of the complaint from the other counts and to transfer Count 4 and the counterclaim to Kansas pursuant to § 1404(a). *See Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438

---

4. The response was filed on behalf of all three respondents by counsel for the defendants in the Minnesota case. It stated that dismissal of the petition was sought under the first sentence

of Fed.R.App.P. 21(b), and that the response was not to be considered as an "answer" contemplated by the second sentence of that rule.

(1968); 3A Moore's Federal Practice, 2d ed., ¶ 21.05(2); 7 Wright & Miller, Federal Practice & Procedure, § 1689. And we are also satisfied that the action taken by the district court was not so impermissible, unreasonable or arbitrary as to call upon us to disturb it in this proceeding.

Accordingly, the petition is denied.