**Walter DELCE, as Administrator of the Estate of Autholia Delce, and as Next Friend of Sparkle Cleopatra Delce and Ramses Delce, and John Williams, Plaintiffs,**

v.

**AMTRAK AND RESCO HOLDINGS, INC., Successor in Interest to Amtrak and Resco Holdings, Inc., Pullman Standard, Defendants.**

No. 1:96–CV–443.

United States District Court,
E.D. Texas,
Beaumont Division.

June 3, 1998.

Fred Coogan, Bernsen Jamail & Goodson, Beaumont, TX, for Delce.

Daniel V. Flatten, Houston, TX, for Amtrak.

James Mayer Harris, Jr., San Antonio, TX, for Resco.

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT OF THE UNITED STATES MAGISTRATE JUDGE

SCHELL, Chief Judge.

#### I. BACKGROUND

■ Before the court is Defendants' joint Second Supplemental Motion to Sever and Transfer with Stipulation ("Motion to Sever and Transfer"). This motion was referred to United States Magistrate Judge Earl S. Hines pursuant to Title 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for disposition of the case. The magistrate judge has submitted a Report recommending that Defendants' Motion to Sever and Transfer be granted. Plaintiff John Williams ("Williams") filed an Objection to the Magistrate's Report on May 28, 1998. This requires a *de novo* review of the specific portions of the report to which objections have been made. FED. R. CIV. P. 72(b).

This court has received and considered the Report and Recommendation of the United States Magistrate Judge and Williams' Objection thereto, along with the record, pleadings, and all available evidence. After careful consideration, the court concludes that Williams' Objection is without merit.

#### II. ORDER

Accordingly, Plaintiff's Objection is OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is ADOPTED in its entirety. Plaintiff John Williams' cause of action is hereby SEVERED from the present case and TRANSFERRED to the Western District of Pennsylvania. Further, in light of this ruling, Defendants' Second Motion to Sever and Dismiss and Defendants' Second Amended Mo-

Michael Ramsey, Provost & Humphrey, Houston, TX, for Williams.

tion to Sever and Transfer are hereby DISMISSED as MOOT.

Finally, the parties have represented to the court that the claims arising from the incident involving Plaintiff Autholia Delce have settled. As those claims are all that remain in the cause of action before this court, the court hereby ORDERS the parties to submit closing papers in this case by the 6th of July, 1998. It is so ORDERED.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANTS' MOTION TO SEVER AND TRANSFER OR DISMISS

HINES, United States Magistrate Judge.

This action involves personal injury, wrongful death and survival causes of action arising from accidents involving Amtrak train passengers. The parties hereto are as listed above. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (1997).

This matter is referred to the undersigned United States Magistrate Judge for consideration, hearing, if necessary, and report and recommendation of findings of fact and conclusions of law. See 28 U.S.C. § 636(b)(1)(B); General Order 91–16 (E.D.Tex.1991).

Pending are defendants' "Second Motion to Sever and Dismiss," "Second Amended Motion to Sever and Transfer" and "Second Supplemental Motion to Sever and Transfer with Stipulation." Collectively, these motions seek severance of plaintiff John Williams' claims and transference and/or dismissal of that action. This report considers these motions.[1]

## I. Background

This case involves two incidents in which Amtrak passengers fell, jumped or were pushed from moving trains. The passengers, and the underlying facts of their accidents, are not related to one another.

## A. Delce Accident

Autholia Delce boarded a Florida-bound train in San Antonio, Texas after transferring from a train that originated in Fort Worth, Texas. On November 22, 1994, she suffered fatal injuries when she exited a moving Amtrak train car allegedly manufactured by Resco Holdings, Inc. The exit occurred near the city of Nome, located in Jefferson County, Texas, and lies within the Eastern District of Texas.

## B. Williams Accident

John Williams boarded a Washington D.C.-bound train in Chicago after transferring from a train originating in California. Williams was injured when he exited an Amtrak train near Leetsdale, Pennsylvania on July 18, 1995. Leetsdale is in Allegheny, County, Pennsylvania, and lies within the Western District of Pennsylvania.

## C. Theories of Recovery

Walter Delce sues in the capacity of Administrator of the Estate of Autholia Delce, and as Next Friend of her minor children, Sparkle Cleopatra Delce and Ramses Delce. John Williams sues in his own behalf.

Both plaintiffs allege that the train crews were negligent and that the passenger rail cars were defective and unreasonably dangerous in design. Delce also asserts causes of action under the Texas Deceptive Trade Practices and Consumer Protection Act, and Texas wrongful death and survival statutes. Williams asserts no claims under Texas law.

## II. The Motions and Responses

As noted earlier, defendants "Second Motion to Sever and Dismiss," "Second Amended Motion to Sever and Transfer" and "Second Supplemental Motion to Sever and Transfer with Stipulation" collectively seek severance of plaintiff John Williams' claims and transference and/or dismissal of that action.

1. On September 24, 1997, by separate motion Resco sought to join in and adopt Amtrak's Motion to Sever and Transfer. (See Dockt. No. 89). By order entered October 6, 1997, Resco's mo-

tion was granted. (Dockt. No. 100). As such, this report applies to both Amtrak's and Resco's motions to sever and transfer.

## A. Asserted Grounds for Severance and Transfer

Defendants seek severance of the claims of Delce and Williams based upon a lack of common questions of fact or law and the risk of confusion of the issues and prejudice against defendants. First, defendants note that the claims arise from two unrelated incidents that involved different passengers, different trains, different train crews, different law enforcement personnel and different fact witnesses. Second, defendants indicate that choice of law rules may mandate the application of a different state's laws to the Delce and Williams' claims because the place of accident differs in both cases. Last, they argue that consolidation is not merited merely because the plaintiffs in both cases allege similar theories of recovery.

Defendants seek a transfer of plaintiff John Williams' claims to the United States District Court for the Western District of Pennsylvania, which is where he suffered injuries from exiting Amtrak's train. (Def.'s Mot. at 3–4). In the alternative, defendants seek transfer of these claims to the Northern District of California, which is Williams' state of residence, or the District of Columbia, which was the ultimate destination of the train from which plaintiff exited, pursuant to 28 U.S.C. § 1404(a). (*Id.* at 5). Defendants argue transfer is required in the interest of justice for the convenience of the parties and witnesses. (*Id.* at 3).

## B. Plaintiffs' Responses in Opposition to Severance and Transfer

As to severance, plaintiffs contend they are properly joined because of a dangerous condition on defendants' trains that has resulted in injuries to at least forty individuals, including Autholia Delce and John Williams. Plaintiffs also assert the existence of several fact witnesses in the Eastern District of Texas they expect to call for trial. Plaintiffs do not state for whom such witnesses would testify, but presumably they are fact witnesses for the Delce case.

As to transfer, plaintiffs contend that the commonality of liability issues and defendants is a sufficient basis upon which this court should maintain venue. (Pls.' Resp. to Def.'s Mot. at 2–3). Specifically, plaintiffs point to the identical strict product liability claims, which assert defective design. (*Id.* at 3).

## III. Principles of Analysis

### A. Severance

Parties may be joined in a single action "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all persons will arise in the action." FED. R. CIV. P. 20(a) (1997). However, if parties are improperly joined, "[a]ny claim against a party may be severed and proceeded with separately." FED. R. CIV. P. 21.

■ Even when plaintiffs are properly joined, confusion may warrant severance of their claims under Rule 21. *See United States v. O'Neil,* 709 F.2d 361, 369 (5th Cir. 1983) (stating "[r]ule 21 explicitly provides that '[a ]ny claim against a party may be severed and proceeded with separately.' ") (emphasis in original). Severance is especially appropriate if trying claims together would confuse the jury due to legal and factual differences. *Henderson v. AT & T Corp.,* 918 F.Supp. 1059, 1063 (S.D.Tex.1996); *see also, Moorhouse v. Boeing Co.,* 501 F.Supp. 390, 392 (E.D.Pa.), *aff'd,* 639 F.2d 774 (3d Cir.1980).

■ Finally, where claims are more properly tried in another forum, severance is the judicial tool of choice. *See Toro Co. v. Alsop,* 565 F.2d 998 (8th Cir.1977), *cert. denied,* 435 U.S. 952, 98 S.Ct. 1579, 55 L.Ed.2d 802 (1978); *Wyndham Assocs. v. Bintliff,* 398 F.2d 614 (2d Cir.), *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); *Henderson,* 918 F.Supp. at 1063; *Apache Prods. Co. v. Employers Ins.,* 154 F.R.D. 650, 660 (S.D.Miss.1994); *In re Eastern Dist. Repetitive Stress Injury Litig.,* 850 F.Supp. 188, 196 (E.D.N.Y.1994); *Jaffe v. Boyles,* 616 F.Supp. 1371, 1381 (W.D.N.Y.1985); *Hess v. Gray,* 85 F.R.D. 15 (N.D.Ill.1979); *Mobil Oil Corp. v. W.R. Grace & Co.,* 334 F.Supp. 117, 121 (S.D.Tex.1971); *see also* 7 Charles A.

Wright, Arthur R. Miller, Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1689 (1986).

### B. Transfer of Venue

■ A case may be transferred to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice" under 28 U.S.C. § 1404(a). The decision to transfer is based on the following factors: (1) availability and convenience of witnesses and parties; (2) location of counsel; (3) locale of books and records; (4) cost of obtaining attendance of witnesses and other trial expenses; (5) place of the alleged wrong; (6) plaintiff's choice of forum; (7) congestion of the Court's docket; (8) relation of the community in which courts and the jurors are required to serve to the occurrence giving rise to the suit; (9) possibility of delay and prejudice if transfer is granted, and all other practical considerations relative to the trial. *Lindloff v. Schenectady Intern'l,* 950 F.Supp. 183, 185 (E.D.Tex.1996) (Schell, C.J.) (*citing, Fletcher v. Southern Pac. Transp. Co.,* 648 F.Supp. 1400, 1401 (E.D.Tex.1986) (Cobb, J)); *Henderson,* 918 F.Supp. at 1065.

■ The party seeking a change of venue bears the burden of demonstrating that the forum should be changed. *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966); *Sanders v. State St. Bank & Trust Co.,* 813 F.Supp. 529, 534 (S.D.Tex.1993). Unless the balance of factors strongly favors the moving party, plaintiff's choice of forum generally should not be disturbed. *Peteet v. Dow Chem., Co.,* 868 F.2d 1428, 1436 (5th Cir.), *cert. denied,* 493 U.S. 935, 110 S.Ct. 328, 107 L.Ed.2d 318 (1989). Nevertheless, whether a case should be transferred is a decision left to the sound discretion of the trial court. *Jarvis Christian College v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir.1988); *Dupre v. Spanier Marine Corp.,* 810 F.Supp. 823, 825 (S.D.Tex.1993).

### IV. Discussion and Application of Legal Standards

This section first considers defendants' request for severance. Transfer of venue is considered second.

### A. Severance

■ As discussed in greater detail in Part IV. B., the Williams case is more properly tried in a different venue. For that reason alone, severance is warranted. *See* authorities cited at Part III.A, at 319 *supra.* However, even if the Eastern District of Texas were a convenient venue for litigating both claims, severance would still be prudent. Plaintiffs allege different injuries involving different parties, witnesses and facts. Autholia Delce exited a moving train near Nome, Texas. Walter Delce seeks recovery under Texas law for wrongful death and survival claims as well as negligence of the Amtrak train crew working that particular train. John Williams, on the other hand, seeks recovery for personal injuries arising from his exit of an Amtrak train in Leetsdale, Pennsylvania. The Williams train never entered the Eastern District of Texas, or even the State of Texas. Williams, unlike Delce above, does not seek recovery under any theories of Texas law. In fact, given choice of law rules, it is likely Williams must seek relief under substantive law of another state.

Both plaintiffs contend an identical design defect existed in both trains. Thus, a single trial could be warranted if that were plaintiffs' only cause of action. However, plaintiffs also assert negligence claims that are fact and site specific. Thus, plaintiffs' claims arise from two separate and unrelated incidents in divergent geographic locations and at different times. Two separate and unrelated trains, railcars and crews are at issue. The causes of action are not identical, and the law of different states likely will govern the respective claims.

The confusion of trying these two cases together has implicitly already been considered by judges of this court. On August 23, 1996, plaintiffs moved to consolidate this case with another case involving a passenger exiting moving Amtrak trains. (*See* Pl's Mot. for Consol., Dockt. No. 9). Although the Court recognized plaintiffs sought recovery based on identical legal theories, it noted that the "cases involved different factual back-

grounds, equipment, and passengers," with incidents "which took place in different states." (*See* Dockt. No. 36, at 2).

Moreover, judicial economy has been accommodated by having these separate cases consolidated for discovery purposes.[2] Further, joinder of the Delce and Williams cases together has extended beyond any gain in judicial economy and will now likely result only in confusing a jury or other fact finder.

For all these reasons, a single trial of the two claims would be unwieldy and potentially confusing to the trier of fact. Therefore, defendants' motions to sever should be granted.

### B. Transfer of Venue.

█ Transfer of the Williams case to the Western District of Pennsylvania is appropriate. It cannot be reasonably contended that this jurisdiction is convenient to Williams or fact witnesses critical to his case. Williams' accident occurred near Leetsdale, Pennsylvania and he received medical treatment in Pittsburgh, Pennsylvania. Fact witnesses, if any, to Williams' accident and injuries are located in that area. Further, members of the train crew, whose actions Williams attacks in his negligence claims, operate and reside near crew bases in Chicago, Pittsburgh, and Washington, D.C. None reside in the Eastern District of Texas. These witnesses are well beyond the subpoena power of this court. Similarly, medical records and witnesses are located there. Finally, since none of the alleged of wrongs occurred in this district, the citizens of the Eastern District of Texas have little interest in resolution of these claims. The citizens of Pennsylvania, however, have a substantial interest.

Although plaintiffs' choice of forum should receive initial deference, balancing the interests of the parties and of justice, and application of the relevant factors suggest that the Western District of Pennsylvania is a more convenient venue. Moreover, Williams will not be prejudiced by a transfer based on their stipulation that all discovery in the Delce case is applicable to the Williams. Thus, there will be no increased discovery costs associated with severing the cases.

In addition, the parties announced settlement of the Delce claims contemporaneously with the issuance of this report. Thus, Williams presents the sole remaining claim to be tried. There is now even less reason for trying it in a forum with no connection to the incident, witnesses or parties. Accordingly, defendants' motion should be granted.

### V. Recommendation

Amtrak's and Resco's joint "Second Supplemental Motion to Sever and Transfer with Stipulation" should be granted.[3]

### VI. Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b), 72(b).

█ A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

Signed this 15th day of May, 1998.

---

2. Defendants agree in their Motion to Sever and Transfer with Stipulation that discovery conducted in connection with one case shall be equally applicable to the other.

3. Defendants' "Second Motion to Sever and Dismiss" and "Second Amended Motion to Sever and Transfer" will become moot if this recommendation is adopted because complete relief sought in the other motions will be obtained if the "Second Supplemental Motion to Sever and Transfer with Stipulation" is granted.