**AMERICAN TEMPERING, INC., Laminating and East Coast Tempering Division, Plaintiff,**

v.

**BRADY & SUN, Defendant.**

**Civ. A. No. 84–6367.**

United States District Court, E.D. Pennsylvania.

Aug. 28, 1985.

---

Richard M. Imperatore, Rubin, Quinn & Moss, Philadelphia, Pa., for plaintiff.

Warren L. Simpson, Rawle & Henderson, Philadelphia, Pa., Richard C. Van Nostrand, James C. Donnelly, Jr., Mirick, O'Connell, DeMallie & Lougee, Worcester, Mass., for defendant.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Pending before this Court is defendant's motion for change of venue pursuant to 28 U.S.C. § 1404. Plaintiff, American Tempering, is a California corporation with its principal place of business in Bensalem, Pennsylvania. Defendant, Brady & Sun (Brady), is a Massachusetts corporation with its principal place of business in Worcester, Massachusetts. American Tempering has filed this action against Brady for breach of contract. It claims that Brady failed to pay for glass manufactured for Brady in Bensalem, Pennsylvania, and shipped to Brady in Worcester, Massachusetts, for use in Brady's greenhouse business. American Tempering seeks $59,825.95 in damages.

Brady admits that it contracted with American Tempering to purchase specially manufactured glass, but claims that deliveries were late, and much of the glass did not conform to contract specifications. Brady also asserts that it relied on American Tempering's promise of timely delivery to its detriment and counterclaims for damages of $260,000.

Brady has moved for a change of venue to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) which reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Brady has not challenged the venue of the Eastern District of Pennsylvania as being improper under 28 U.S.C. § 1391, nor does it seek to cure or waive venue defects under 28 U.S.C. § 1406(a). It is Brady's position that the Eastern District of Pennsylvania is such an inconvenient forum that a change of venue to the District of Massachusetts is warranted.

■ The United States Supreme Court dealt with the issue of transfer for convenience of the parties and witnesses in *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). It was held that great deference is to be given to the plaintiff's choice of forum; "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." 330 U.S. at 508. *See also Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir.1970). In addition, if the balance of inconvenience borne by the parties is equal or only slightly heavier for the defendants, then the plaintiff's choice of forum should prevail. *B.J. McAdams, Inc. v. Boggs*, 426 F.Supp. 1091 (E.D.Pa.1977).

■ The decision to transfer a case to another forum on venue grounds is vested in the broad discretion of the District Court. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) and *Plum Tree, Inc. v. Stockment*, 488 F.2d 754 (3d Cir.1973). The district court judge must balance the factors for

and against a transfer and decide which forum would best serve the private interest of the parties and public interest of justice with judicial economy.

Brady contends that a number of factors support a request for transfer to the District of Massachusetts:

1) Brady is a relatively small firm while American Tempering is a large firm with a nationwide market and could easily litigate in any forum;

2) the non-conforming glass was delivered in Massachusetts and the complaints about the glass are by Massachusetts customers;

3) Brady seeks to call twenty-two witnesses, all of whom reside in Massachusetts. Great expense would be incurred if these witnesses came to this Court to testify. Also, six of the witnesses are not within reach of this court's subpoena power;

4) Brady's dealings were primarily with three employees of American Tempering: Nick Burke, Stuart Merke and George Hodge. These men frequently travel to Massachusetts in their work. It would be no burden on them to testify in Massachusetts;

5) Brady's counterclaim, based on Massachusetts law, is for a greater amount than American Tempering's original claim. Brady asserts that Massachusetts law applies to American Tempering's claim and that the Massachusetts District Court is more familiar with Massachusetts law.

American Tempering advances the following arguments to support its position that Pennsylvania is the appropriate forum:

1) Plaintiff's choice of forum is to be given great deference;

2) American Tempering's principal place of business is in Pennsylvania;

3) the glass was manufactured in Pennsylvania;

4) Patrick Brady, vice-president of Brady, came to Pennsylvania on March 15, 1984 to discuss the contract;

5) the employees who negotiated the contract for American Tempering are located in Pennsylvania;

6) the testimony of Brady's six independent witnesses will be duplicative of testimony by those who are within this court's subpoena power.

█ Brady as movant has the burden of persuading the court that plaintiff's choice of forum should be disturbed. While Brady has advanced valid considerations which support transferring this case to the District of Massachusetts, it has not persuaded the court that the inconvenience which it will experience in Pennsylvania is sufficient to warrant disturbing the plaintiff's choice of forum. There is no perfect forum for this case. Whether this case is heard in Massachusetts or in Pennsylvania, one of the parties will be inconvenienced. In a close case such as this, the plaintiff's choice of forum must be the deciding factor.

█ Finally, Brady has urged the court to transfer this action to the District of Massachusetts because it subsequently filed an action there for the claims that it has against American Tempering. American Tempering filed this action against Brady on December 1, 1984. On March 5, 1985, Brady filed an answer and counterclaim. On April 5, 1985, Brady filed an action against American Tempering in the District of Massachusetts for this claim that had already been asserted as a counterclaim in the Eastern District of Pennsylvania. Then, on April 7, 1985, Brady filed this motion for change of venue. Brady has failed to explain why it was necessary to file a separate action in another court for claims it had already asserted as a counterclaim. The absence of explanation invites the inference that Brady was simply attempting to improve its chances of prevailing on this motion for change of venue. This court will not yield to such forum shopping maneuvers even though the motion of American Tempering to transfer that action here has been denied by the District Court in Massachusetts. If both cases proceed, the court disposing of the

case may subsequently decide whether to impose costs under F.R.Civ.Proc. 11 or 28 U.S.C. § 1927.

It is in the interest of the parties and the administration of justice to have these claims heard in the Eastern District of Pennsylvania rather than in the District of Massachusetts. In 1984, the median time for cases from filing to disposition is nine months in the District of Massachusetts and seven months in the Eastern District of Pennsylvania. The median time from issue to trial for civil cases is 28 months in the District of Massachusetts and 12 months in the Eastern District of Pennsylvania.[1] Cases are presently adjudicated more rapidly in the Eastern District of Pennsylvania than in the District of Massachusetts. The goal of speedy and inexpensive resolution of this dispute can be more readily achieved by allowing this action to remain in Pennsylvania.

1. These figures come from the *Federal Court Management Statistics 1984* which is prepared by the Administrative Office of the Courts.