# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

NETCARRIER TELECOM INC.                )
                                       )
         v.                            )
                                       )    Case No. CPU4-19-000368
TIDEMARK FCU FOUNDATION INC.           )
                                       )
         Defendant.                    )

Reserved: March 25, 2019
Decided: June 13, 2019


Adam F. Wasserman, Esq.                Stephen W. Spence, Esq.
1300 King Street                       1413 Savannah Road, Suite 1
Wilmington, DE 19801                   Lewes, DE 19958
*Attorney for Plaintiff*               *Attorney for Defendant*


## OPINION ON DEFENDANT'S MOTION TO DISMISS
## AND PLAINTIFF'S MOTION TO AMEND


**SMALLS, C.J.**

# FACTUAL AND PROCEDURAL HISTORY

This is a debt action brought by Netcarrier Telecom, Inc., ("Plaintiff") against Tidemark FCU Foundation, Inc. ("Defendant") on January 30, 2019. Plaintiff claims Defendant owes a sum pursuant to a debt and demands judgment against Defendant in the amount of $5.502.25 plus interest at 18%, attorney's fees and costs.

On February 28, 2019, Defendant filed a Motion to Dismiss pursuant to *Court of Common Pleas Civil Rule 12(b)(6)* and 8 *Del. C.* §383. Defendant claims Plaintiff may not bring this action under 8 *Del. C.* §383 because Plaintiff is not qualified to do business in the State of Delaware. Further, Defendant argues that Plaintiff fails to state a claim upon which relief can be granted because the contractual relationship between the parties was cancelled. Lastly, Defendant claims venue is improper, and as such, this claim should be dismissed.

On March 11, 2019, Plaintiff filed a Response to Defendant's Motion to Dismiss alleging Defendant's business operations comes within the exceptions to 8 *Del. C.* §383[1] because Plaintiff is in the business of providing voice, data, and internet services pursuant to contracts submitted through mail or electronic means outside of the state. Plaintiff avers it relied in good faith in naming the proper Defendant but may have mistaken the entity name. Further, because Defendant failed to plead insufficient service of process, Plaintiff contends that the incorrect entity name is not prejudicial and requests

---

[1] 8 *Del. C.* § 373.

leave to amend the complaint. Lastly, Plaintiff claims venue is proper because this Court has jurisdiction throughout the state.

On March 15, 2019, the Court held a hearing and ordered supplemental briefing within ten (10) days. On March 25, 2019, both parties submitted its briefs. On April 30, 2019, Plaintiff submitted a supplemental document which contained a valid Delaware business license. Thus, the Court gave Defendant ten (10) days to submit a supplemental response, if any and Plaintiff ten (10) days thereafter to submit its reply brief, if any. On May 9, 2019, Defendant submitted its Second Supplemental Submission in Support of its Motion to Dismiss relying on the arguments made in its March 25, 2019 brief.[2]

## PARTIES' CONTENTIONS

Defendant argues Plaintiff made no allegations in its original complaint that it is or ever was exempt from registering to do business as a foreign corporation under 8 *Del. C.* §373 and should be estopped from asserting that now. In addition, Defendant argues this Court lacks jurisdiction to hear Plaintiff's claims because there is a proper action pending in the Court of Common Pleas in and for Sussex County, No. CPU6-19-000354; *Tidemark Federal Credit Union v. Netcarrier Telecom, Inc.* Defendant avers the proper parties are named in the Sussex County action and therefore, this action must be dismissed with costs and fees awarded to Defendant.

---

[2] Defendant states in its Second Supplemental Submission in Support of its Motion to Dismiss "…Plaintiff submitted…a document purporting to be from the Delaware Secretary of State…"; however, Defendant did not file a motion to strike or otherwise seek to exclude the document. Moreover, Defendant does not produce any evidence to contradict Plaintiff's assertion that it is now properly registered in Delaware.

In Plaintiff's supplemental brief opposing Defendant's Motion to Dismiss, Plaintiff moves to Amend the Complaint. Plaintiff continues to argue they can maintain an action in Delaware under the Business License exceptions pursuant to 8 *Del. C.* §373. Moreover, Plaintiff argues its business falls under the exception because it "provid[es] voice, data, and internet services, including fiber broadband, DSL, and VOIP. For example, contracts are submitted through mail or electronic means and accepted outside of the State. Further, Plaintiff avers its business operations satisfy the exception of being wholly interstate in character and it is exempt from the requirements of 8 *Del. C.* §371. Conversely, Plaintiff argues that if the Court were to find the statutory exceptions do not apply, Plaintiff requests a brief of stay of the case to provide an opportunity for it to register with the Delaware Secretary of State.[3] Lastly, Plaintiff argues Defendant filed a separate lawsuit in Sussex County which involves the same factual dispute alleged in this case and has still not properly served Plaintiff.[4]

In addition, Plaintiff requests leave of Court to file an amended complaint pursuant to *CCP Civil Rule 15(a)*. Plaintiff inadvertently named the incorrect entity in its Complaint. Plaintiff sued "Tidemark FCU Foundation, Inc." instead of "Tidemark Federal Credit Union." As they are directly connected by registered agent and physical address, Plaintiff requests leave to amend.

---

[3] *See Hudson Farms v. McGrellis*, 620 A.2d 215, 221 (Del. 1993) the Court has granted stays under these circumstances. Plaintiff began the process of renewing its business in Delaware on March 22, 2019.
[4] Plaintiff's Supplemental Brief, p. 3.

## LEGAL STANDARD

In considering motions to dismiss filed pursuant to *Court of Common Pleas Civil Rule 12(b)(6)*, the Court must assume that all well-pled facts in the complaint are true.[5] The complaint should not be dismissed unless "the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible to proof."[6] The Court is required to accept only those "reasonable inferences that logically flow from the face of the complaint, [it] is not required to accept every strained interpretation of the allegations proposed by the plaintiff."[7]

## DISCUSSION

### A. Title 8 of the Delaware Code

Defendant moves to dismiss arguing that Plaintiff is barred from bringing any action in the courts of Delaware. Defendant claims Plaintiff is doing business in Delaware because it has not properly registered as a foreign corporation as required under Title 8, Section 371 of the Delaware Code.[8] A foreign corporation is defined as "a corporation organized under the laws of any jurisdiction other than this State."[9] Foreign corporations are prohibited from doing business in Delaware without first having paid eighty dollars for the use of this State and having filed a certificate evidencing its

---

[5] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).
[6] *Id.* (citations omitted).
[7] *Abdul-Ahad v. Nationwide Mut. Fire. Ins. Co.*, 2016 WL 4269512, at *2 (Del. Com. Pl. Aug. 10, 2016) (internal citations omitted).
[8] *See* 8 *Del. C.* § 371; see also 8 *Del. C.* § 383.
[9] 8 *Del. C.* § 371(a)

corporate existence with the Secretary of State.[10] However, a foreign corporation is not required to comply with Section 371 if it meets any of the exceptions set out under Section 373.[11] Plaintiff claims it meets the criteria set out under Section 373(a)(1), 373(a)(2) or 373(a)(4) and is thus exempt from the requirements of Section 371.

Nevertheless, Plaintiff states that if this Court finds Plaintiff fails to meet any of the statutory exceptions, the Court should grant Plaintiff request for a stay of the case to allow itself the opportunity to register its business with the Delaware Secretary of State. In support of its argument, Plaintiff cites to *Hudson Farms v. McGrellis* wherein the Supreme court of Delaware reasoned that such requests to stay be granted under similar circumstance.[12] In *Hudson Farms*, the Delaware Supreme Court looked to the interpretation of statutes in other jurisdictions similar to Title 8, Section 383 of the Delaware Code, as wells as Section 383's underlying purpose. The Court found "[t]he majority of courts would permit a non-qualified foreign corporation to achieve registration during the pendency of the proceeding, notwithstanding the lack of such status when the litigation was commenced…"[13] Notably, the Court stated that "[w]hile §383 was intended to prevent a non-qualified foreign corporation from invoking the processes of the Delaware court system to the disadvantage of a Delaware resident or qualified entity as a penalty for refusal to pay the applicable franchise fee, the statute also

---

[10] 8 *Del. C.* § 371(b); see also 8 *Del. C.* § 383.
[11] See 8 *Del. C.* § 373.
[12] 620 A.2d 215, 221 (Del. 1993); Plaintiff's Supplemental Brief, p. 2.
[13] *Hudson*, 620 A.2d at 221.

provides an incentive for curing that delinquency."[14] Moreover, the Court expressed "[r]equring dismissal if a foreign corporation was not in compliance with §371 at the time it commences litigation would interfere with the revenue enhancement purpose of § 383."[15] Thus, the Court found that "[w]hile the language in § 383 is admittedly ambiguous…§383 strongly support[s] a legislative intent to allow a foreign corporation not in compliance with § 371 to file suit in Delaware. Of course, the suit may not proceed or be further "maintained" until the foreign corporation is in compliance with all registration requirements."[16]

Here, in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Plaintiff's Supplemental Brief Regarding Defendant's Motion to Dismiss, Plaintiff requested a stay of action to provide Plaintiff an opportunity to register. On April 30, 2019, Plaintiff provided documentation evidencing its now active Delaware business license. This Court finds *Hudson* to be the controlling case with respect to permitting foreign corporations to attain registration during an ongoing proceeding; thus, this Court finds Plaintiff to be in compliance with Title 8, Section 371 of the Delaware Code. Therefore, the issue of statutory exemptions as applied to the Plaintiff is moot.

### B. Venue and Amendment of the Pleadings

Defendant argues this Court lacks jurisdiction to hear Plaintiff's claim because Plaintiff named the wrong party. Further, Defendant asserts that it brought action in

---

[14] *Id.*
[15] *Id.*
[16] *Id.*

Sussex County naming the proper parties to the original contract. However, Plaintiff requests leave of Court to file an amended Complaint to name the correct party.

In *Goldberg v. Hersman et. al.*, "[a] plaintiff's choice of forum is entitled to great weight and will not be disturbed unless there are factors that strongly militate against it."[17] "Unless the balance of convenience or burden is strongly in favor of movant, plaintiff's choice of forum should not be disturbed and…the moving party asserting a right of transfer has a heavy burden of establishing that a change of venue is warranted."[18] In other words, "if the balance of inconvenience borne by the parties is equal or only slightly heavier for defendant, plaintiff's choice of forum should prevail."[19]

Here, any of the three Court of Common Pleas locations would be a proper venue for this case.[20] The facts of this case do not support a conclusion that a change in venue should be granted. The Defendant argues that a "proper action" with the correctly named parties is pending in Sussex County; however, Plaintiff filed this action in New Castle County. Defendant subsequently filed identical suit in Sussex County arising out of the same factual circumstances. Despite Plaintiff's mistake in naming the incorrect opposing party, Defendant has failed to make any argument to lead this Court to believe it suffered any prejudice. Therefore, I find no compelling reason to change Plaintiff's choice of forum.

---

[17] 2000 WL 33275020 (Del. Com. Pl. Jan. 28, 2000).
[18] *Delmarva Power and Light Co. v. City of Seaford*, 523 A.2d 973, 975 (Del. Super. Ct. Feb. 3, 1987) (citing *Coons v. American Horse Show Ass'n, Inc.*, 533 F. Supp. 398, 400 (S.D. Tex. Feb. 25, 1982)).
[19] *Id.* (citing *American Tempering, Inc. v. Brady & Sun*, 630 F. Supp. 30, 31 (E.D. Pa. Aug. 28, 1985)).
[20] 10 *Del. C.* § 1321.

The procedure to amend a complaint under Court of common Pleas Civil Rule 15(a) provides that "…a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[21] Leave to amend pleadings is liberally permitted at all stages of the proceeding unless the opposing party shows it will be seriously prejudiced.[22] Further, the Delaware Supreme Court has held that unless there is "prejudice to another party, the trial court is required to exercise its discretion in favor of granting leave to amend."[23]

In this case, Plaintiff avers that it inadvertently named the incorrect entity in the Complaint. Plaintiff named Tidemark FCU Foundation, Inc., as opposed to Tidemark FCU. Granting Plaintiff's motion to amend the complaint will not prejudice the newly added party, as Defendant and Tidemark FCU are connected and represented by the same counsel. Plaintiff points out that the registered agent for Defendant is the Chief Executive Officer of Tidemark FCU, and both entities share the same physical address.[24] Defendant has not disputed these facts and this Court has no reason to discount them. Moreover, a simple search of Tidemark FCU's website renders a connection to Tidemark Foundation. Lastly and notably, Tidemark FCU filed identical suit in Sussex County demonstrating an intent to pursue this matter. Accordingly, this Court finds that there is a basis to grant Plaintiff's Motion to Amend its Complaint.

---

[21] *Ct. Com. Pl. Civ. R.* 15(a).

[22] *Johnson v. State Dept. of Transp.*, 2011 WL 6016912 *2 (Del. Com. Pl. Oct. 27, 2011) (citing *Paul v. Chromalytics Corp.*, 343 A.2d 622, 625 (Del. Super. Ct. July 22, 1975)).

[23] *Mullen v. Alarmguard of Delmarva, Inc.,* 625 A.2d 258, 263 (Del. 1993).

[24] See Pl.'s Opp'n to Def.'s Mot. to Dismiss; see also Pl.'s Supp. Br.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is HEREBY DENIED and Plaintiff's Motion to leave and Amend its Complaint is HEREBY GRANTED.

**IT IS SO ORDERED.**

Alex J. Smalls,
Chief Judge